Mr. Justice Hagner
delivered the opinion of the Court:
The petitioner states that on the 29th of October, while under arrest on a charge of an assault with intent to kill, he was brought before the Judge of the Police Court, and there applied to be admitted to bail pending hearing on said charge, and that the judge overruled the application; that on the 7th of November his counsel again applied to the Police Court to fix bail, pending a hearing before that court: that the United States Attorney, who was present, admitted the petitioner was entitled to bail, and that the Government was then unable to go on with the case and could name no day when it could be certainly heard, but denied that the Police Court had the right or power to tke bail on the application pending a hearing before the said court; and the Police Court being of that opinion, refused to admit the petitioner to bail for the reason so assigned.
The petition prays the writ may issue requiring the marshal to produce him in court, “ that the matter complained *596 of may be inquired into, and that he may be duly granted his right of bail, and otherwise dealt with in accordance with law.”
The return is in accord with the averments of the petition. The Chief Justice ordered the writ to issue and the matter was certified to be heard here in the first instance.
It must of course be conceded that the Police Court has no jurisdiction to try the offense of an assault with intent to kill; and that any justice of this court has ample power to admit the petitioner to bail before the hearing, which must be had before the Criminal Court of the District.
It is equally clear the Police Court has the power to admit to bail any person tried before that court who appeals from its decision to the Criminal Court; and also any person who has been examined by that court, and ordered to be bound over for the action of the grand jury. The question for our consideration is whether the judge of the Police Court has also authority to admit to bail, before an examination or hearing before him, and to await such examination, a person held by the marshal charged with a crime which the Police Court has.no jurisdiction to- try?
It was insisted the Police Court possesses that authority, first, as the successor, in somewise, to the powers of the justices of the peace before the organization of that court; and also by force of express statutory grant.
It is perfectly settled that justices at the common law had no such authority. This is well explained by Circuit Judge Woodruff, in U. S. vs. Case, 8 Blatchford, 253, who shows that the positive duty of those officers to complete with promptness their examination of charges against persons under arrest [an unreasonable prolongation of which subjected them to an action] was stringently maintained, because the justice had no power to admit to bail until the examination was concluded.
The existence of such authority in justices of the peace must therefore be found in some statute.
*597 We are referred to the 33d section of the judiciary act of 1789, R. S. U. S., 1014 as conferring such statutory authority. But this section in terras authorizes the justices of the peace to take bail “for trial before such court of the United States as by law has cognizance of the-offense.” Of course it furnished no authority for a justice of the peace to admit a person to bail to appear before an examining magistrate for a preliminary hearing, when that magistrate “by law has no cognizance of the offense.”
A later act, 1867, Chap. 63, Sec. 6, requires justices of the peace, in all criminal cases in which they have jurisdiction to allow the defendant reasonable time to obtain bail; but this also could not -apply to a case where bail was asked for before the hearing, and in a case where the justice was ivithout jurisdiction to try.
Even if the language of these statutes were of doubtful import in limiting the authority conferred to the cases where the justices have cognizance of the offense, the court would be obliged to incline to this construction, because the opposite view would be in derogation of the common law.
It seems clear, then, that the Police Court could not have derived the authority in question merely as successor to the criminal jurisdiction of justices of the peace in the District.
Next, has the authority been specially conferred upon the Police Court or its judge by statute?
The Police Court was established by the Act of June 17, 1870, Chap. 33, Rev. Stats. D. C. Its jurisdiction as to deeds of violence was limited to “simple assaults and batteries,” and similar offenses, by 1049. By-1051, “the judge of the Police Court may examine and commit and hold to bail in all offenses, whether cognizable in the Police Court or in the Supreme Court of the District of Columbia,” and this section, •it is claimed, confers the jurisdiction referred to.
But as the power to commit in' this unlimited class of *598 cases was the result and accompaniament of the examination, so the power to hold to bail was the result only of such examination. The authority of the Police Court to hold to bail in any case after an examination is undoubted. But this is a very different thing from the power claimed by the petitioner here, which is to admit to bail in advance of an examination, and in a case not cognizable in the Police Court. The language of the section taken distributively would read thus: “The judge of the Police Court may examine and commit, and examine and hold to bail,” &c., and this we think would express a little more clearly the meaning of the section.
On July 10, 1870 (Sec. 998, R. S. D. C.), a month after the establishment of the Police Court, Congress declared "that justices of the peace should no longer “exercise any jurisdiction over crimes and offenses, either for examination to commit or hold to bail.” This language also shows the power to bail there spoken.of was to be exercised only after examination, and was not supposed to extend to an admission to bail in advance of an examination. We conclude that the Police Court had acquired by its organic act only what the justices of the peace, a month afterwards, were distinctly deprived of.
It might be a convenience if this power were conferred by law upon the Police Court, but we cannot find that such authority has thus far been confided to it.
We therefore agree with the judge of the Police Court that he was without authority to comply with the application, under the circumstances before him. Of course, he was right not to assume to do so, as his act might have worked mischief.
It is well settled an unauthorized recognizance is void. United States vs. Rumbolt, 2 Curtis C. C., 41, 45; United States vs. Horton, 2 Dillon C. C., 94 ; United States vs. Wans, 2 Blatchf. C. C., 332; United States vs. Case., 8 Blatchf. C. C., 250.
*599 In the last case the court held the statutes conferred no power upon a United States Commissioner to take bail for the appearance at a future day, of a person charged, for examination, before a committing magistrate.
See also Hosmer vs. Charter Oak Life Insurance Co., 1 Mackey, 297; Wallace vs. Pratt, 4 Mackey, 259/

We shall pass an order remanding the petitioner to the custody of the marshal. The petitioner can then apply for bail to any justice of this cou/rt.